## EUSTAQUIO PUJALS, Complainant,

### v.

## COLUMBIA GRAPHOPHONE COMPANY, Dft.

San Juan, Equity, No. 1049.

Opinion filed April 17, 1923.

*Mr. R. V. Perez Marchand* for complainant.

*Mr. Martin Travieso, Jr.,* for defendant.

ODLIN, Judge, delivered the following opinion:

The present case is one of interest, the complainant being a resident of Ponce in this Island and a musical composer of merit, and the defendant being a corporation organized in the United States, and an extensive manufacturer of graphophones and records to be played thereon, and doing business in the Island of Porto Rico.

94

The bill herein sets forth that the complainant acquired a copyright over a song which he composed in the year 1918, know as "La Cancion del Soldado." The court heard this song played various times by skilled musicians, and has sufficient musical knowledge to declare it to be a spirited march of unusual merit. It is also alleged that the defendant corporation in violation of the complainant's alleged copyright caused this song to be reproduced in phonographic discs; and there is a prayer not only for an injunction against the further reproduction of said musical composition by the defendant, but that this court allowed damages in the sum of $25,000 to the complainant, as well as the profits realized by the defendant, as provided by § 25 of the Copyright Law.

The decisions of important Federal courts on this subject of copyright oblige me to decide this case against the complainant. Reference is particularly had to the case of Thompson v. Hubbard, decided in 1889 by the Supreme Court of the United States in an opinion written by Mr. Justice Blatchford, reported in 131 U. S. 123, 33 L. ed. 76, 9 Sup. Ct. Rep. 710. It is distinctly held that in order to create a copyright there must be a compliance with the statute in regard to printing the prescribed notice of copyright in the publication (which in the case of Thompson v. Hubbard was a book and not a musical composition.) The evidence in this case clearly shows that the complainant himself caused a thousand copies of this song to be printed and that the order for the printing was given the latter part of October or the beginning of November of the year 1918; that about four hundred copies of this first edition of the song were placed before the public and sold. One of these printed copies of this first issue of the song was

put in evidence, and there is nothing thereon whatever indicating that the same had been copyrighted, or that any application had been made for a copyright. The complainant himself testified that he did not send a printed copy of the song to Washington until the latter part of December, 1918, and this statement must be correct because the date of the certificate issued to him is January 8, 1919. In February, 1919, a second issue of this song was printed with very slight changes in the music, the two being identical with the exception of one bar. This second issue does set forth a statement as follows: "Copyright-1918-Eustaquio Pujals," and these words appear at the bottom of the first page. Thereafter negotiations were had between the complainant and a representative of the defendant company for the purpose of coming to some kind of an agreement in regard to reproducing this song by means of phonographic discs, but these negotiations resulted in no contract. The defendant company, however, proceeded to reproduce the song, and one of the discs manufactured by the defendant corporation was put in evidence and played upon a phonograph as part of the evidence taken during the hearing of this proceeding.

In addition to the case above cited of Thompson v. Hubbard, I find that the rules laid down by the Federal courts in other cases of importance prevent any relief being given in this proceeding to the complainant. I refer particularly to the case of Strause v. Penn Printing & Pub. Co. reported in 220 Fed. 977; also the case of the M. B. Fahey Tobacco Co. v. Senior, 247 Fed. 809; and the case of the Universal Film Co. v. Copperman, 212 Fed. 301, and later affirmed by the

circuit court of appeals, as reported in 134 C. C. A. 305, 218 Fed. 577.

The doctrine established by these cases shows that the complainant prevented himself from taking advantage of his copyright, even if the same were correct and in due legal form, by his own act in making the song public before he ever sent any copy of it whatever to Washington; and in the second place his notice of copyright is defective, as it appears upon the second edition of the song, because he therein caused it to be printed that his copyright was issued in 1918, whereas he merely forwarded his application in 1918, the copyright itself not being granted until 1919. Section 55 of the Copyright Law provides that the certificate issued at Washington shall be admitted in any court merely as *prima facie* evidence of the facts stated therein. But in the case now under consideration the evidence presented by the counsel for the Columbia Graphophone Company completely rebuts the legal presumption which § 55 creates, and the complainant by his own action estopped himself from seeking relief against the defendant.

I am therefore, for the reasons above set forth, obliged to dismiss the bill, the complainant to pay the costs. But the request made by the counsel for the defendant that I allow the latter a reasonable sum for attorney's fees must be denied. I find no authority in the Federal statutes that the fees of the defendant's attorney, when successful, shall form any part of the costs.

To this ruling counsel for the complainant excepts.